[Cite as *Lassiter v. Lassiter*, 2014-Ohio-2367.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CHRISTO LASSITER, | : | APPEAL NOS. C-130486 |
| | | C-130487 |
| Plaintiff-Appellant, | : | C-130488 |
| | | C-130489 |
| vs. | : | TRIAL NOS. EX-0300269 |
| | | EX-0100234 |
| SHARLENE LASSITER, n.k.a. | : | EX-0200139 |
| SHARLENE BOLTZ, | | EX-0300270 |
| | | |
| Defendant-Appellee. | : | *O P I N I O N.* |

Civil Appeals From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part and Vacated in Part in C-130486; Appeals Dismissed in C-130487, C-130488, and C-130489.

Date of Judgment Entry on Appeal: June 4, 2014

*The Law Office of Douglas Haman, Esq., LLC,* and *Douglas Haman*, for Plaintiff-Appellant,

*The Law Office of Karen Oakley-Everson* and *Karen Oakley-Everson,* for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    This case involves two ex-spouses, who have been burdening the court system with their disputes for the past 18 years.  The latest chapter arises from the ex-husband's attempt to revive a dormant judgment.  The trial court granted the motion to revive the judgment, but plainly fed up with the whole mess, also awarded the ex-wife attorney fees in an amount equal to the revived judgment.  It also denied the ex-husband's request for attorney fees that he contended he was owed from a decade ago.  On appeal the ex-husband challenges the trial court's treatment of the fee issues.[1]  We uphold the denial of fees to the husband.  But while we share the trial court's frustration, there is no basis in law for awarding fees to the ex-wife in this situation.  Thus, we are constrained to vacate that part of the court's judgment.

### One Marriage Spawns Two Decades of Litigation

{¶2}    Way back in 1996, plaintiff-appellant Christo Lassiter filed to divorce his then-wife Sharlene Lassiter n.k.a. Boltz.  Litigation and more litigation followed.  We won't summarize all the gory details here, but some of the highlights may be found in two of our previous decisions on the issue, *Lassiter v. Lassiter*, 1st Dist. Hamilton No. C-010309, 2002-Ohio-3136, and *Lassiter v. Lassiter*, 1st Dist. Hamilton Nos. C-020494, C-020370 and C-020128, 2003-Ohio-2333.  We summed it up this way:

> This court has not seen many domestic relations cases more contentious
> and acrimonious or more consumption of judicial resources than this
> case.  The parties, who are both law professors and who ought to know
> better, engaged in thoroughly inappropriate behavior that was

---

[1] Mr. Lassiter filed notices of appeals in four cases, but it is clear from the record that the judgment with which he takes issue was entered only in the case numbered EX-0300269 and appealed in the case numbered C-130486.  Therefore, we dismiss the other three appeals—C-130487, C-130488, and C-130489.

2

detrimental to the resolution of their case and to the welfare of their children * * *. This court takes a dim view of such tactics.

*Lassiter*, 1st Dist. Hamilton No. C-010309, 2002-Ohio-3136, at ¶ 1.

{¶3} We pick up the story in 2003. By then, the divorce had long been final, but the parties were still fighting about who owed what to whom. After a good deal of procedural wrangling, the parties agreed to a court order that set off various judgments owed between the parties with the end result that Ms. Boltz owed Mr. Lassiter $4,214.56. In the September 2003 order, the court reserved judgment on the issue of attorney fees, which had been requested by Mr. Lassiter and disputed by Ms. Boltz. The parties were ordered to "submit affidavits asserting the factual basis of their arguments [about the attorney fees] within 15 days from the entry of this Order." The court further provided that "[i]f the parties are unable to reach an agreement as to whether said sums are due, Mr. Lassiter may move this Court for a determination of the issue based on the filed affidavits."

{¶4} No affidavits were filed. Rather, on September 18, 2003, Ms. Boltz filed a notice of bankruptcy, which stayed the proceedings. The bankruptcy petition was dismissed on July 21, 2004. Mr. Lassiter subsequently filed a "Notice of Bankruptcy Dismissal" on October 25, 2005, which stated, "Ms. [Boltz's] bankruptcy petition having been dismissed, it is now appropriate for the Court to proceed to hear this matter [the execution of judgment]."

{¶5} More than seven years later, in December 2012, Mr. Lassiter filed the motion to revive the judgment against Ms. Boltz that is the subject of this appeal. Within his motion, Mr. Lassiter also requested the attorney fees that had been referenced in the September 2003 court order. Ms. Boltz filed a motion in opposition to revivor, claiming that she had not received proper notice of the motion. She also

challenged the amount of the underlying judgment. The trial court ordered the parties to submit written closing arguments on the motion to revive and attorney fees.

{¶6} After reviewing the parties' arguments, the court concluded that Mr. Lassiter was entitled to a revived judgment in the amount of $4,214.56. But it found that Mr. Lassiter was not entitled to attorney fees, and that instead it would award Ms. Boltz fees in an amount equal to the judgment, $4,214.56. It explained that it was awarding fees because it believed the revivor action "to be revenge motivated rather than the mere collection of a debt," and that Mr. Lassiter had been "twisting the knife" with the proceedings. The court concluded,

> Based upon the familiarity of the Court of Common Pleas with the history between the two parties, and because the consequences of their frivolous, vexatious and endless litigation have fallen more heavily on the taxpayers and the courts of Hamilton County than they have either of them, an award of attorney fees is hereby assessed against Christo Lassiter.

Additionally, the court informed the parties that it would retain jurisdiction over any future proceedings between them.

### We Have to Reverse the Fee Award to Ms. Boltz

{¶7} Because they are related, we consider the first three assignments of error together. In the first and second, Mr. Lassiter asserts that the trial court erred when it awarded attorney fees to Ms. Boltz pursuant to Civ.R. 11 and R.C. 2323.51, respectively. In the third, he contends that the trial court erred when it awarded attorney fees without a showing of misconduct on the part of Mr. Lassiter.

{¶8} An award of attorney fees is, of course, the exception rather than the norm in the American litigation system. A court may only award fees in certain narrowly circumscribed situations. Here, the court located its authority to award fees in

4

Civ.R. 11, R.C. 2323.51, and the court's inherent power. We examine each source of authority to determine if the award may be upheld.

{¶9} Under Civ.R. 11, an attorney is required to sign every pleading, motion or other document to certify that he "has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." The rule, by its very terms, addresses one who signs a court document. Because Mr. Lassiter did not sign any of the pleadings, he could not be sanctioned under Civ.R. 11.

{¶10} R.C. 2323.51 does allow for a trial court to award attorney fees to sanction a party's frivolous conduct. But if the court seeks to award the fees upon its own initiative, it must conduct a hearing to determine whether the conduct was frivolous and what attorney fees are reasonable. R.C. 2323.51(B)(2). The trial court held no such hearing and thus could not award attorney fees under R.C. 2323.51.

{¶11} That leaves us with the court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). A court possesses inherent power to assess attorney fees "as an appropriate sanction for conduct which abuses the judicial process." *Id.* at 45. "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44. Thus, we review the court's award of attorney fees under its inherent power for an abuse of discretion. *Id.* at 55.

{¶12} In a nutshell, the court's bases for awarding attorney fees to Ms. Boltz were its belief that Mr. Lassiter was "twist[ing] the knife" by trying to collect the old debt and the parties' prior history of bad behavior over the two decades of litigation. We understand the court's motivation, agree with its objectives, and sympathize with its frustration. But we still cannot uphold the fee award.

{¶13} The only matter before the trial court was the revivor action which Mr. Lassiter inarguably filed within the limitations period. R.C. 2325.18(A). He may have been "twisting the knife" by pursuing the action, but it was a knife he had a legal right to twist. We cannot say that it is sanctionable conduct to attempt to collect a valid judgment in a legally permissible manner, no matter what our guess may be as to the debt collector's subjective motivation. Further, the amount of attorney fees awarded by the court does not appear to be tied in any way to the actual fees incurred by Ms. Boltz. Therefore, we are constrained to conclude that the court abused its discretion in ordering that Mr. Lassiter pay Ms. Boltz's attorney fees. The first three assignments of error are sustained.

## We Sustain the Denial of Fees to Mr. Lassiter

{¶14} Mr. Lassiter's fourth assignment of error is that the trial court erred when it refused to order Ms. Boltz to pay attorney fees. Again, we review the trial court's decision for an abuse of discretion. We find no abuse of discretion here. As pointed out by the court, Mr. Lassiter never followed the procedures set forth in the September 2003 order to determine whether attorney fees were appropriate. We don't buy his contention that he was excused from doing so because Ms. Boltz filed for bankruptcy shortly after the September 2003 order. The record reveals that the bankruptcy petition was dismissed on July 21, 2004, and that Mr. Lassiter filed the notice of the termination of bankruptcy on October 25, 2005. He has no explanation why he waited another eight years to do anything about the fees he claims he was owed. The fourth assignment of error is overruled.

## The Last Assignment of Error Isn't Ripe

{¶15} Mr. Lassiter's fifth assignment of error—that the court erred in announcing that it would retain jurisdiction over all future proceedings between the

parties—is not ripe for our review. True, by rule, the assignment of any future cases between the parties must be done by lot. Sup.R. 36(B)(1); Loc.R. 7 of the County Court of Common Pleas of Hamilton County, General Division. But here there is no indication that the court attempted to exercise further jurisdiction over the parties in contravention of the rules. The fifth assignment of error is overruled.

### Conclusion

{¶16} We therefore vacate the trial court's judgment to the extent that it ordered Mr. Lassiter to pay attorney fees to Ms. Lassiter. In all other respects we affirm the judgment of the trial court in the case numbered C-130486. The appeals in the cases numbered C-130487, C-130488 and C-130489 are hereby dismissed.

Judgment affirmed in part and vacated in part; appeals dismissed.

**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.